HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THEODORE B. EDENSTROM,<br><br>                Plaintiff,<br>    v.<br><br>UNITED STATES COAST GUARD,<br><br>                Defendant. | CASE NO. C17-5658RBL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT APPOINTED COUNSEL |

THIS MATTER is before the Court on Plaintiff's Application for Court Appointed Counsel [Dkt. #8]. In his Complaint [Dkt. #5], plaintiff seeks an order restraining the Coast Guard from using an Administrative Subpoena to obtain medical records for licensing purposes by the hearing authority towit: the United States Coast Guard. The Coast Guard <u>does</u> have the authority to issue an investigatory subpoena and use a seaman's medical records against him. "To legally work aboard a United States merchant marine vessel, individuals must receive a merchant mariner credential ("MMC") from the National Maritime Center ("NMC"), the licensing authority of the United States Coast Guard." <u>Clifford v. United States Coast Guard</u>, 915 F.Supp2d. 299, 303 (E.D.N.Y. 2013).

1      Coast Guard investigators are granted subpoena authority by law and regulation. "An official designated to investigate . . . matters that are grounds for suspension or revocation of licenses, certificates of registry, and merchant mariners' documents may administer oaths and issue subpoenas to compel the attendance and testimony of witnesses and the production of records or other evidence during investigations and at hearings." 46 U.S.C. § 7705(a); see also 46 C.F.R. § 5.5.301(b). An investigation into possible misrepresentation of a mariner's physical fitness in the renewal process is clearly within that authority. In any event, the person to whom the subpoena was directed complied with it, and Coast Guard Regulations make clear that only the subpoenaed person may move to quash. See 46 C.F.R. § 5.305; 33 C.F.R. § 20.609(a). Moreover, "Coast Guard case law precedent holds that the Exclusionary Rule does not apply to Suspension and Revocation proceedings. *See* Appeal Decisions 2625 (ROBERTSON) (2002), 2297 (FOEDISCH) (1983) AND 2135 (FOSSANI) (1978)." Appeal Decision 2704 (FRANKS) (2014).

     Under the facts known by the Court, there is no good reason to appoint counsel at taxpayer expense. No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding IFP. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

     The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789

F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

The Application [Dkt. #8] is **DENIED**.

Dated this 2nd day of February, 2018.

                                                                                                _____
                                                                                                Ronald B. Leighton
                                                                                                United States District Judge