HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THEODORE B EDENSTROM, Plaintiff, v. UNITED STATES COAST GUARD, Defendant. | CASE NO. C17-5658 RBL<br>ORDER |

THIS MATTER is before the Court on the Defendant Coast Guard's Motion to Dismiss [Dkt. # 17] and on Plaintiff Edenstrom's Motion for a Speedy Determination of This Case [Dkt. # 21]. This case involves the revocation of Edenstrom's Merchant Mariner Certificate (MMC). During his 2104 MMC renewal process, Edenstrom answered "no" to a series of questions about medical conditions, including (apparently[1]) drug use. For reasons that are not clear[2], the Coast Guard subpoenaed a medical clinic and ascertained that Edenstrom's answers were not correct;

[1] Edenstrom's complaint includes almost no factual information, and the Coast Guard's Motion is (perhaps intentionally) vague about Edenstrom's medical condition(s).

[2] According to the Coast Guard, Edenstrom's employer informed it of a problem with a urinalysis test: "The Coast Guard issued the subpoena because of information that it learned from [Edenstrom's employer] related to an attempted urinalysis of Plaintiff in accordance with regulations and from a prior administrative proceeding related to the urinalysis." [Dkt. # 21 at 2]

he was being treated for several conditions on the list. It then commenced an administrative proceeding against him to "suspend and revoke" (S&R) his license for misrepresenting his medical status, and for refusing a drug test.

The ALJ upheld the S&R of Edenstrom's MMC. Before he did, however, Edenstrom filed this lawsuit, the purpose of which is apparently to challenge the Coast Guard's authority to subpoena his medical records when there has not been a "marine casualty." He apparently also appealed the ALJ's decision.

Edenstrom's Motion is difficult to follow, but the gist of it is that the Coast Guard abused its subpoena power[3] in obtaining his medical records in the first place:

> **The coast guard has no problem accepting that they have authority granted to them to issue subpoenas. There is no need to explain this grant of power as it is well used, with great excitement, confidence and in the most expedient way imaginable. The question at this time, is wether that grant of power is absolute, or**
>
> **if 46 USC 7705(b) places any restrictions on that subpoena authority, what those restrictions are and wether or not the coast guard has to act in regard to those restrictions with prudence.**
>
> **This case has only a question of law and not of fact, and that is whether or not The United States Coast Guard has the authority to disreguard the jurisdictional limits laid out in 46 USC 7705(b). If this Court decides not to answer the question of law, which will force the parties into litigation, then plaintiff reserves his right to respond to the Coast Guard's Motion to Dismiss.**

[3] The Coast Guard points out that Edenstrom did not seek to quash the subpoena and has waived his objections to it. The Court need not reach that issue, given its resolution of the exhaustion issue.

[Dkt. #21]

The Coast Guard correctly treats Edenstrom's Motion as one for Summary Judgment on his claim for a declaratory judgment on his claim that the subpoena was illegal. It argues, persuasively, that its subpoena power is not limited to marine casualty situations (*see* 46 U.S.C. § 7705(b)) and that Edenstrom has not met his summary judgment burden of demonstrating that he is entitled to judgment as a matter of law.

The Coast Guard is correct that Edenstrom's "motion for speedy determination" is effectively a motion for summary judgment on his declaratory judgment claim, and that Edenstrom has not established that he is entitled to judgment as a matter of law. He is legally incorrect about the scope of the Coast Guard's subpoena power under 46 U.S.C. § 7705(b). His Motion [Dkt. # 21] is therefore **DENIED**.

The Coast Guard's Motion seeks dismissal of Edenstrom's complaint. It argues that Edenstrom has failed to exhaust his administrative remedies, depriving this court of subject matter jurisdiction over his declaratory judgment claim. It also argues that Edenstrom's claims are not viable under the familiar *Iqbal* standard because he does not plausibly allege facts supporting any claim; he instead couches legal conclusions as fact.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts,

conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id.*

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Thus, if the flaw in Edenstrom's complaint is that he did not plead enough facts to state a plausible claim, the corrective is to permit him to amend that complaint, not to dismiss it.

The Coast Guard's more persuasive argument is that because Edenstrom has not exhausted his administrative appeals in the wake of the ALJ's S&R decision regarding his MMC [Dkt. # 18-1] this Court does not have jurisdiction over his claim:

> If Plaintiff decides to seek further review within the statutorily authorized time period, the appeal must be made first to the Commandant of the Coast Guard, then

> to the National Transportation Safety Board ("NTSB") and then to the Ninth Circuit Court of Appeals or the District of Columbia Circuit. *See generally*, 3 C.F.R. § 20.1001, 49 U.S.C. §§ 1133 and 1153. Because Plaintiff's appeals process is incomplete, the ALJ's decision is non-final and subject matter jurisdiction is lacking over his Complaint.

[Dkt. # 17 at 7-8]

Edenstrom's "under duress" Response[4] to the Motion to Dismiss claims that he actually won before the ALJ when he first considered the S&R, but then the Coast Guard appealed (and won)[5]. He also claims he was actually unemployed at the time he refused to take (and was therefore deemed to have failed) the drug test. He made these same arguments to the ALJ.

Edenstrom does not rebut the Coast Guard's authority on the scope of its subpoena power, and he has not substantively addressed his failure to exhaust his administrative remedies in accordance with the authorities cited in the motion. The ALJ's determination is not "final" and it is not reviewable in this court. Indeed, if he does exhaust his administrative remedies, and seeks judicial review, Edenstrom's recourse is in in the Ninth Circuit, or the D.C. Circuit. See 49 U.S.C. § 1153(a) and authorities cited in the Coast Guard's Motion. [Dkt. 17at 8].

---

[4] *Pro se* Plaintiff Edenstrom's Response [Dkt. #24] was filed three days late. The following day, the Coast Guard filed a six page Reply, pointing out (erroneously) that Edenstrom had not responded, and reiterating the arguments it made in its Motion. A week later it filed a "Sur Reply" that was in fact a four page, three argument Motion to Strike Edenstrom's Response, highlighting the deadline imposed by the Local Rules, and the prejudice it claimed to have suffered by not being able to Reply to the untimely Response's arguments.

An *actual* Sur Reply addressing the substance of Edenstrom's Response, would have alleviated any prejudice. It also would have assisted the Court in resolving the case on the merits. The Court will not strike a *pro se* litigant's brief for *de minimus* tardiness absent actual, material prejudice. The Motion to Strike is DENIED.

[5] The Coast Guard did bring an earlier S&R, but dismissed it without prejudice prior to hearing. Edenstrom's "win" proved temporary; the Coast Guard re-filed, and prevailed. *See* Dkt. # 18-1.

Edenstrom cannot sue in this Court to reverse or vacate the ALJ's adverse administrative decision. He must first exhaust his administrative remedies. The Motion to dismiss on this basis is **GRANTED** and this matter is **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated this 16th day of May, 2018.

Ronald B. Leighton
United States District Judge